**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-03469-001-TUC-CKJ (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Donald Cruz Vavages, | |
| Defendant. | |

Before the Court is Defendant Donald Cruz Vavages' Motion to Quash/Lift Detainer on Promise to Appear or in the alternative Sentence in Absentia to Concurrent Term. (Doc. 57) The Government filed a response. (Doc. 58)

Defendant requests that the Court (should it find he violated the terms of his supervised release) order his federal sentence to run concurrently with his State sentence. (Doc. 57, ¶ 3 at 2) However, courts generally invoke the ripeness doctrine and refuse to decide matters which would involve "entangling themselves in abstract disagreements[.]" *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148, (1967); *see also Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003) (requirement of ripeness ensures that issues are definite and concrete, not hypothetical or abstract). The issue raised in the pending motion does not establish that there is a disagreement between the Parties that requires resolution by the Court.

Additionally, to the extent Defendant is requesting to have his federal detainer resolved prematurely, Defendant fails to assert he has been arrested for a violation of supervised release. Rather, Defendant asserts he is currently incarcerated in State prison

on a five-year term.  (Doc. 57, ¶ 2 at 1)  Violations of supervised release are not controlled by the Speedy Trial Act, 18 U.S. C. § 3661, as they fall under the Due Process Clause of the Fifth Amendment.  *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008).  Violations are also governed by Federal Rule of Criminal Procedure 32.1 and the clock, for sentencing purposes, does not start running until a person "is held in custody for violating . . . supervised release[.]"  Fed. R. Crim. P. 32.1(a)(1).

It appears Defendant is in custody solely by virtue of the sentence he received for a new offense in the State of Arizona.  Federal Sentencing Guidelines have a policy that the sentence imposed for a violation of supervised release is to run consecutively to any sentence imposed for a crime that is the basis for the revocation.  U.S.S.G. Ch. 7, Pt. B, Introductory Commentary; *United States v. Contreras*, 63 F.3d 852, 855 (9th Cir. 1995); *see also United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001) (federal government is not required "to writ a defendant out of state custody and bring him before the federal district court for his revocation hearing . . . [which] could prove extremely burdensome").  Moreover, Defendant has failed to allege actual prejudice by virtue of the detainer for his supervised release from the Court.  Accordingly, there is no actual prejudice if Defendant finishes his present sentence prior to the initiation of any revocation proceedings.  *See Contreras*, 63 F.3d at 856 ("The district court did not abuse its discretion in finding that [the defendant] failed to show actual prejudice.").

Accordingly, IT IS ORDERED:

1. The Motion to Quash Detainer (Doc. 57) is DENIED.

2. The Clerk of Court shall mail a copy of this Order to:

>  Donald Cruz Vavages, ADC # 333443
>  APC Red Rock Correctional Center
>  1750 East Arica Road
>  Eloy, AZ  85131

Dated this 24th day of July, 2020.

_____
Honorable Cindy K. Jorgenson
United States District Judge